IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY ALAN RING )
 )
v. ) No. 3:13-0676
 )
NANCY A. BERRYHILL )
    Acting Commissioner of )
    Social Security[1] )

# **M E M O R A N D U M**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), to which Defendant has responded. Docket Entry No. 18. Plaintiff has also filed a subsequent reply to Defendant's response. Docket Entry No. 19. This action is before the undersigned for all further proceedings pursuant to the consent of the parties and order of the District Judge in accordance with 28 U.S.C. § 636(c). Docket Entry Nos. 21 and 22.

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on October 19, 2009. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 47-48.[2] He alleged a disability onset date of February 20, 2009. AR 47-48. Plaintiff alleged that he was unable to work because of a back injury, seizures, anxiety attacks, depression, high blood pressure, and a history of drug and alcohol abuse. AR 55-56.

Plaintiff's applications were denied initially and upon reconsideration. AR 47-50. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with a non-attorney representative and testified at a hearing before ALJ Donald E. Garrison on October 20, 2011. AR 31. On November 8, 2011, the ALJ denied the claim. AR 12-14. On May 6, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on November 8, 2011. AR 12-14. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since February 20, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

3. The claimant has the following severe impairments: lumbar degenerative disc disease; cervical degenerative disc disease; obesity; generalized anxiety disorder; and panic disorder (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with limitations. Specifically, the claimant is limited to frequent postural activities of climbing, balancing, stooping, crouching, kneeling, and crawling; can have no exposure to hazards such as heights, moving machinery, or driving; is able to understand, remember, and carry out short and simple instructions and make judgments on simple work-related decisions; and have occasional interaction with the public.

\*\*\*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant was born on May 20, 1953 and was 55 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 505.1569(a), 416.969, and 416.969(a)).

\*\*\*

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 20, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 17-23.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's

age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work.

*Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that

the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform medium work with other express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 17-23.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly consider all of his impairments and failing to provide sufficient reasons for not finding these impairments to be severe; (2) failing to include a function-by-function assessment in the RFC; (3) failing to give proper weight to the treating physician's opinion; (4) failing to consider the functional effects of

his obesity; and (5) failing to properly evaluate his credibility. DE 15 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 17-18.

Sentence four of 42 U.S.C. § 405(g) states the following:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. Severity of Plaintiff's impairments.**

Plaintiff first asserts that the ALJ failed to properly consider all of his alleged impairments, and specifically argues that the ALJ erred by failing to explain why he did not conclude that hypertension and insomnia represented severe impairments. DE 15 at 6. Plaintiff's meager argument is unpersuasive, however, as he does little more than claim that such conditions "were diagnosed and well-documented in the record." *Id*. The Sixth Circuit has repeatedly held that the diagnosis of a condition does not establish disability. *See, e.g., Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted);

*Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that diagnosis of an impairment "says nothing about the severity of the condition."). Plaintiff points to no evidence to suggest that these conditions are disabling.

Plaintiff also cites no regulation or opinion that requires the ALJ to "give sufficient reasons" for not finding each alleged impairment to be severe. Contrary to this assertion, the Sixth Circuit has held that the ALJ "need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004). *See also Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) ("[W]e do not require an ALJ to discuss every piece of evidence in the record to substantiate the ALJ's decision.") (internal citation omitted). This argument is thus unavailing.

Finally, even if Plaintiff had demonstrated that these conditions represented severe impairments, any error by the ALJ in failing to find that such impairments were severe would not require reversal since the ALJ determined that Plaintiff had other impairments that were severe in nature. AR 17. If an ALJ finds that at least one of the claimant's alleged impairments is severe, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are to be considered by the ALJ in the remaining steps of the disability evaluation process. 20 C.F.R. §§ 404.1523 and 404.1545(a)(2). Thus, courts have consistently held that an ALJ does not commit reversible error when the ALJ fails to find that some impairments are severe but finds that other impairments are severe and proceeds with the next step of the evaluation process. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008); *Fisk v. Astrue*, 253 F. App'x 580,

583 (6th Cir. 2007). The Court therefore finds no error in the ALJ's determination that hypertension and insomnia did not represent severe impairments.

**2. The RFC**

Plaintiff next claims that the ALJ committed reversible error by failing to include a function-by-function analysis as required by Social Security Ruling ("SSR") 96-8p. DE 15 at 6-7. After quoting portions of SSR 96-8p, Plaintiff states merely that the ALJ "failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which are well-documented in the record." *Id*. at 7.

Plaintiff again weakens his own argument by failing to cite any evidence in the record, medical or otherwise, to support his position. Moreover, while SSR 96-8p mandates that a "function-by-function evaluation" be performed to determine a claimant's RFC, this "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citations omitted). Indeed, the Sixth Circuit has explained that there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48. The ALJ is instead required to "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-cv-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted). Plaintiff cites no inconsistencies in the ALJ's analysis, nor any evidence that contradicts the RFC determination. This assertion of error is therefore rejected.

### 3. Treating physician's opinion.

Plaintiff argues that the ALJ erred by failing to provide "good reasons" for discounting the opinion of his treating physician, Dr. Tanzi Dooley, in violation of 20 C.F.R. § 404.1527. Plaintiff alleges that the ALJ improperly "applied a double standard" by failing to scrutinize the opinions of the consultative examiners as closely as the opinion provided by Dr. Dooley. DE 15 at 13

Dr. Dooley completed a "Medical Opinion Form" ("MOF") on June 23, 2011 that included numerous severe restrictions on Plaintiff's physical activities, including sitting for just one hour per day, standing or walking for just one hour per day, and lifting no more than 10 pounds at any time. AR 299-301. Notably, Dr. Dooley's opinion is completely devoid of any explanation or evidentiary support for the opinions contained in the MOF, which minimizes the weight that the opinion should be accorded pursuant to relevant regulations. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Without any diagnostic or clinical findings to support the severity of the limitations contained in the MOF, the opinion cannot be given controlling weight. *Cf. Rogers*, 486 F.3d at 242 ("If the opinion of a treating physician regarding the nature and severity of a claimant's condition is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight.") (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004)).

Despite Plaintiff's contention otherwise, the ALJ provided ample support for discounting Dr. Dooley's opinion. The ALJ discussed the substantial disparity between the severe limitations contained in the MOF and Dr. Dooley's own treatment notes, which indicate that her treatment with Plaintiff involved little more than refilling prescriptions. AR 21, 244-52, 289-98. As noted by the ALJ, these records revealed no abnormalities upon physical examination, which also significantly undermines the unsupported opinions contained in the MOF. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.").

The ALJ also explained that, despite Plaintiff's claims of disabling back pain, the diagnostic evidence in the record fails to demonstrate anything more than minimal problems. AR 21. CT scans of Plaintiff's cervical and lumbar spine revealed "[v]ery mild degenerative disc osteophyte formation" at the C3-4 through C6-7 levels, "mild to moderate" neuroforaminal narrowing at the C5-6 level, and "minimal degenerative disc disease" of the lumbar spine. AR 239-40. Plaintiff points to no other diagnostic findings in the record, and thus nothing to support the severe physical restrictions contained in Dr. Dooley's MOF.

Additionally, the ALJ noted that Dr. Dooley's opinion was contradicted by Plaintiff's activities of daily living and the minimal findings from a consultative examination performed by Dr. Woodrow Wilson in December of 2009. AR 21, 253-54. Plaintiff's contention that the ALJ erred by "more closely scrutinizing" Dr. Dooley's MOF than Dr. Wilson's report rings hollow in light of the explicit requirement in 20 C.F.R. § 404.1527(c)(2) that the ALJ provide "good reasons" for discounting the opinion of a treating physician, a condition that has clearly been met by the ALJ in this case. Indeed, the very case on which Plaintiff relies to argue that the ALJ

employed a "double standard" in evaluating the medical evidence, *Gayheart v. Comm'r of Soc. Sec.*, concluded that the ALJ in that case erred by merely stating that the treating physician's opinion was "inconsistent" with the evidence of record without identifying any such inconsistencies. 710 F.3d 365, 377 (6th Cir. 2013). In contrast, here the ALJ provided a detailed description of the medical evidence that controverts the limitations contained in Dr. Dooley's MOF. AR 21. Accordingly, the Court finds that substantial evidence supports the ALJ's decision to accord little weight to Dr. Dooley's opinion.

**4. Obesity**

Plaintiff claims that the ALJ failed to consider the functional effects of Plaintiff's obesity and cites SSR 02-1p, which states that the "combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." 2002 WL 34686281, *1 (September 12, 2002). Plaintiff's lone argument involves the ALJ's alleged failure to consider the functional effects of his condition (DE 15 at 14), yet Plaintiff points to no evidence suggesting that Plaintiff experienced any functional limitations due to obesity. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) (noting that the lack of discussion regarding obesity in the ALJ's opinion "likely stems from the fact that [the claimant] failed to present evidence of any functional limitations resulting specifically from her obesity."). His own treating physician, Dr. Dooley, makes no reference to Plaintiff's obesity in the treatment records or the MOF.

In fact, the only reference to obesity by a medical professional is Dr. Wilson's statement that Plaintiff is "mildly obese." AR 253. There is nothing in the record, however, to suggest that mild obesity causes any functional limitations beyond those included in the assigned RFC. This is fatal to Plaintiff's argument, as he bears the evidentiary burden of establishing that his obesity

14

produces functional limitations. *Boles v. Colvin*, No. 2:12-cv-0079, 2015 WL 4506174, at *2 (M.D. Tenn. July 23, 2015) (citing *Essary*, 114 F. App'x at 667). The Court therefore rejects this assertion of error.

**5. Credibility.**

Plaintiff's final argument involves the ALJ's credibility determination. Plaintiff alleges that the ALJ violated SSR 96-7p, which states that the ALJ must provide reasons for his credibility determination that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." 1996 WL 374186, *4 (July 2, 1996).[3] "[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. Nevertheless, the ALJ's credibility determination is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

Plaintiff faults the ALJ for "list[ing] a few random activities which the Plaintiff admitted to performing" to discount his testimony. DE 15 at 16. This argument ignores the crux of the ALJ's determination, however, which focuses on the inconsistency between Plaintiff's claims of severe pain and the evidence of record. *See* AR 21. The Sixth Circuit has held that such inconsistency weighs against a claimant's credibility. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011) ("Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while

---

[3] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed in July of 2013, SSR 96-7p applies to the Court's analysis of this claim.

inconsistency ... should have the opposite effect."). The ALJ specifically explained how the mild findings from the CT scans of Plaintiff's cervical and lumbar spine fail to support any claims of disabling pain, discussed Plaintiff's admission to the consultative examiner that he only has a "bad day" with respect to back pain "once every few months," and noted several activities of daily living that are at odds with his allegations of disabling pain. AR 21, 257.

Finally, the Court notes that during a consultative examination in December of 2009, nearly 10 months *after* the alleged onset date, Plaintiff admitted that he receives unemployment benefits. AR 255, 257. This further bolsters a lack of credibility because,

> [a]pplications for unemployment and disability benefits are inherently inconsistent ... There is no reasonable explanation for how a person can claim disability benefits under the guise of being unable to work, and yet file an application for unemployment benefits claiming that [he] is ready and willing to work.

*Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801-02 (6th Cir. 2004) (internal citation and quotations omitted); *see also Villarreal v. Comm'r of Soc. Sec.*, No. 2:13-cv-15197, 2014 WL 6750327, at *7 (E.D. Mich. Nov. 30, 2014) ("[The claimant] applied for both jobs and unemployment benefits after his alleged onset date—representing that he was ready, willing, and able to work—which is obviously not consistent with his allegations of disabling pain."). Such evidence weighs heavily against Plaintiff's testimony regarding disabling pain.

The Sixth Circuit has held that "[c]laimants challenging the ALJ's credibility findings face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005); *see also Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are virtually unchallengeable.") (internal citation and quotations omitted). The ALJ in the instant case provided ample justification for

16

finding Plaintiff "not fully credible" (AR 21), as discussed above. Accordingly, the Court finds that substantial evidence supports the ALJ's credibility determination.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 14) is DENIED. An appropriate Order will accompany this memorandum.

_____
BARBARA D. HOLMES
United States Magistrate Judge